CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 21 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | |
|---|---|
| JERRY BRIAN JUSTUS,<br>    Plaintiff, | Civil Action No. 7:05-cv-00598 |
| v. | MEMORANDUM OPINION |
| SOUTHWESTERN VIRGINIA<br>REGIONAL JAIL AUTHORITY, et al.,<br>    Defendants. | By: Samuel G. Wilson<br>United States District Judge |

Plaintiff Jerry Brian Justus, a Virginia inmate proceeding pro se, brings this action under 42 U.S.C. § 1983, alleging that the defendants provided unsanitary living conditions and exposed him to a potential health risk in violation of the Eighth Amendment. Justus seeks transfer to another state institution. The court finds that Justus' complaint fails to state claims upon which the court may grant relief and, therefore, dismisses the suit pursuant to 28 U.S.C. § 1915A(b)(1), which allows dismissal of a prisoner suit if it is clear from the complaint that the plaintiff is not entitled to relief.

## I.

Justus alleges that from May 4 to 12, 2005, the toilet in his cell was clogged and that during those nine days, he had to continue using the clogged toilet and had to endure the resultant odor. Justus also alleges that during an outdoor recreation activity on July 17, 2005, one of Justus' fellow inmates cut himself and that correctional officers instructed a third inmate to use Justus' shirt, which was lying on the ground at the time, to remove any blood that had splattered onto him. Justus claims that he was unaware of the incident and put the shirt back on. He states that it took him a "couple hours" to notice the blood.

## II.

In order to state an Eight Amendment claim regarding prison conditions, a prisoner must allege, among other things, facts sufficient to show either that he has sustained a significant mental or physical injury as a result of the challenged conditions or that the conditions have created an unreasonable risk of serious damage to his future health. Helling v. McKinney, 509 U.S. 25 (1993); Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993). Justus alleges that the toilet in his cell was clogged for nine days several months ago. While these conditions were assuredly uncomfortable, Justus does not allege that he became ill as a result or that there were any lingering effects on his health. Justus also alleges that officers exposed him to the blood of another inmate. He has not alleged that the inmate's blood was diseased or that he became ill as a result of the contact. Accordingly, the court finds that Justus has not alleged current or future injury with regard to either of his claims and has, therefore, failed to state claims under the Eighth Amendment.

### III.

For the stated reasons, the court dismisses Justus' suit pursuant to § 1915A(b)(1) for failure to state claims for which the court can grant relief.

ENTER: This 21st day of October, 2005.

_____
UNITED STATES DISTRICT JUDGE

2